IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RODOLFO MARTINEZ,          )
                           )
            Plaintiff,     )
                           )
v.                         )
                           )   Case No. 14-3040-CM
KRISTINE A. AULEPP and     )
DAVID CAMPBELL,            )
                           )
            Defendants.    )
                           )

## MEMORANDUM AND ORDER

Pro se plaintiff Rodolfo Martinez brought this case claiming that defendants Dr. Kristine A. Aulepp and David Campbell violated his constitutional right to be free from cruel and unusual punishment. The court granted summary judgment to defendants on plaintiff's claims, which centered on defendants' failure to treat and surgically remove a lipoma on the back of plaintiff's neck. The case is now before the court on plaintiff's Motion for Leave to File an Amended Complaint and Motion to Set Aside, Vacate, or Reconsider Defendant[s'] Motion to Dismiss or in the Alternative Defendant[s'] Motion for Summary Judgment (Doc. 31).

First: plaintiff's motion to amend. This request is untimely and without merit. The court already entered judgment against plaintiff. Although the court should freely give leave to amend when justice so requires, *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)), justice does not require amendment here. The parties fully briefed defendants' dispositive motion. Plaintiff did not seek leave to amend while that motion was pending. It was only after he lost the motion that plaintiff sought leave to amend. Plaintiff now states that the court failed to give him the opportunity to respond to defendants' motion to dismiss or for summary judgment, and

-1-

Case 5:14-cv-03040-CM   Document 34   Filed 03/16/16   Page 2 of 3

that the court did not let him submit a declaration in response to the motion for summary judgment. To the contrary, plaintiff filed a thirteen-page response to defendants' motion. (Doc. 25.) Plaintiff did not attach a declaration, but the court did not prevent him from doing so. Plaintiff has not given the court a valid reason to reopen the case and allow him to amend his complaint.

In any event, plaintiff failed to properly support his request to amend. D. Kan. Rule 15.1 requires "a concise statement of the amendment or leave sought" and the "proposed pleading or other document." Plaintiff does not attach a proposed amendment or explain how he hopes to amend his complaint. To the extent that he attempts to join a party under Fed. R. Civ. P. 19(a), plaintiff also does not identify the party he seeks to join. Plaintiff's request is denied on these grounds.

Second: plaintiff's motion to reconsider. Although plaintiff frames his motion as one to "set aside, vacate, or reconsider," he filed his motion within the time limits of Fed. R. Civ. P. 59(e), so this court treats the motion as one to alter or amend under Rule 59(e). The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. R. 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). "Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted).

Plaintiff appears to rely on either new evidence or the need to prevent manifest injustice. But his own declaration is not new evidence that was previously unavailable. Plaintiff could have attached

-3-

a declaration to his response to defendants' summary judgment motion. And plaintiff has not shown manifest injustice. He responded to defendants' dispositive motion and made his arguments against summary judgment. Now, if the court were to set aside its judgment; reopen the case; and allow plaintiff to file an amended complaint, the case would essentially be starting over. Defendants should not be required to restart the case two years after the case was filed—based solely on plaintiff's desire to make better arguments in support of his claims. The court finds no valid reason for reconsideration of its previous decision.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to File an Amended Complaint and Motion to Set Aside, Vacate, or Reconsider Defendant[s'] Motion to Dismiss or in the Alternative Defendant[s'] Motion for Summary Judgment (Doc. 31) is denied.

Dated this 16th day of March, 2016, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**